**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Garza Flores,<br><br>    Plaintiff,<br><br>v.<br><br>Alejandro Mayorkas, et al.,<br><br>    Defendants. | No. CV-22-00397-TUC-RCC<br><br>**ORDER** |

In 2019, Plaintiff submitted an N-600 Application for Certificate of Citizenship to the United States Citizenship and Immigration Services (USCIS), alleging he was eligible for U.S. citizenship through his mother. (Doc. 1 at 2.) Plaintiff seeks judicial review of USCIS's denial of the N-600 Application pursuant to the Administrative Procedures Act (APA) and Mandamus Act and asks the Court to order USCIS to reopen the Application and grant him citizenship. (*Id.* at 4, 10–11.) Defendants Alejandro Mayorkas, Ur Jaddou, and Julie Hashimoto now move to dismiss, arguing that the Immigration and Nationality Act (INA) "precludes the Court's exercise of subject matter jurisdiction over the Complaint." (Doc. 11 at 1.) For the reasons stated herein, the Court will grant the motion and dismiss the Complaint.

**I.   FACTUAL AND PROCEDURAL HISTORY**

  *a.   Plaintiff's Complaint*

Plaintiff was born in Nuevo Laredo, Mexico on October 3, 1951. (Doc. 1 at 2.) Plaintiff claims he is eligible for U.S. citizenship because his mother, Josephina Flores,

was born in Douglas, Arizona and lived in the U.S. for ten years before he was born, five years of which were after his mother turned 16 years old. (*Id.* at 2, 7.) In his N-600 Application, Plaintiff provided USCIS with several documents, including an affidavit from his aunt, Esperanza Flores. (*Id.* at 7.) Plaintiff claims these documents prove his mother resided in the U.S. from 1921 to 1932, when she returned to Mexico, and from 1946 to her death in 1982. (*Id.*)

On April 9, 2020, USCIS denied the Application, offering the following explanation:

> On July 4, 2006, you attempted entry to the United States at the Nogales Port of Entry (POE), by presenting your valid Visitor's Visa, Border Crossing Card (BCC). At the time of your attempted entry, you testified to the POE official that you had been residing and working in the United States unlawfully for twelve years, and that the purpose of your entry was to return to your domicile and employment in Tucson, Arizona. You were denied entry into the United States, your BCC was cancelled and you were removed to Mexico. You were barred from re-entering the United States for a period of five years. However, on February 7, 2013, you were arrested at your home by Immigration and Customs Enforcement (ICE), charged with illegal re-entry after removal, were served with a Notice of Intent/Decision to Reinstate Prior Order, and were transferred to the Eloy Detention Center. *At the time of your arrest on February 7, 2013, you claimed you derived citizenship from your United States born biological mother.* Subsequent to your arrest, your family members provided ICE with several documents in support of your allegation of deriving citizenship. After reviewing the documents submitted, the Office of Chief Counsel (OCC) determined that you did not provide sufficient evidence that you acquired United States citizenship through your mother.
>
> …
>
> Therefore, you cannot acquire citizenship from your mother as you have failed to prove that she resided in the United States or its outlying possessions at least 10 years *prior* to October 3, 1951, the date of your birth, as required by § 301 of the INA (1952).

(Doc. 1-2 at 59–60 (emphasis added).) Plaintiff alleges that he filed a Motion to Reopen after his N-600 Application was denied, and that the Motion was denied notwithstanding

- 2 -

his inclusion of additional evidence. (Doc. 12 at 9.)

After he was arrested on February 7, 2013, ICE Enforcement and Removal Operations (ERO) officers reinstated Plaintiff's removal order. (Doc. 11-4 at 2.) However, after Plaintiff claimed he feared returning to Mexico, ERO released Plaintiff and referred his case to a USCIS asylum officer to evaluate his reasonable fear claim. (Doc. 11-6 at 2.) The Department of Homeland Security (DHS) conducted a reasonable fear interview on May 13, 2021, and determined that Plaintiff did not have a viable claim. (Doc. 11-8 at 4–32.) DHS referred the matter to an Immigration Judge (IJ). (Doc. 11-8 at 2.) On April 4, 2022, the IJ found Plaintiff had a reasonable fear of harm and vacated the prior reasonable fear determination. (Doc. 11-9 at 2.) In July 2022, Plaintiff filed a Motion to Terminate the removal proceedings against him, again arguing that he is a citizen through his mother. (Doc. 11-10.) Plaintiff's reasonable fear claim is still pending. (*Id.*)

      b. *Defendants' Motion to Dismiss*

Defendants' Motion to Dismiss first argues that the APA is inapplicable because 8 U.S.C. §§ 1252(b)(5) and 1503 are the exclusive means for review of Plaintiff's claim, and the statutes prevent the Court from exercising subject matter jurisdiction over the Complaint. (Doc. 11 at 1.) In addition, Defendants assert that the Court cannot review this matter under the Mandamus Act, 28 U.S.C. § 1361, because (1) the decision was within USCIS's discretion, (2) USCIS did not fail to perform a duty because it rendered a decision, and (3) Plaintiff's claim is not certain and he has not exhausted other avenues of relief. (*Id.* at 10–11.)

      c. *Plaintiff's Response*

Plaintiff counters that the APA permits the district court's review because under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." (Doc. 12 at 8–9 (quoting 5 U.S.C. § 702).) According to Plaintiff, USCIS's denial of his Motion to Reopen was an unlawful decision by a federal agency which adversely affected him, so judicial review under the APA is appropriate. (*Id.*) Moreover,

Plaintiff argues the instant case "is not seeking review of a decision from his removal proceedings" under 8 U.S.C. § 1252 of the INA like Defendants claim, but rather relies upon a "claim of nationality based on the [denial of his Application] by USCIS." (*Id.* at 5, 9.) Furthermore, Plaintiff claims the "filing of his N-600 cannot arise out of his removal proceedings as removal proceedings are through the courts and citizenship petitions are done through USCIS, which is a separate entity." (*Id.* at 6.) Even if the Court considered his claim a challenge to removal proceedings, Plaintiff asserts the Court has jurisdiction to review his case because "there is a genuine issue of material fact as to the Plaintiff's nationality." (*Id.* at 2 (citing *Chau v. I.N.S.*, 247 F.3d 1028, 1026 (9th Cir. 2001).)

Plaintiff claims a writ of mandamus is appropriate to address USCIS's denial of his Motion to Reopen the N-600 Application. He states, "[b]ased on USCIS's failure to take appropriate action by adequately reviewing the evidence in Plaintiff Garza Motion to Reopen, this confers subject matter jurisdiction on the court [under the Mandamus Act]." (Doc. 12 at 7–8.)

## II.  STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, the challenger in a factual attack disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In a facial attack, the allegations in the complaint are taken as true. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). When considering a factual attack, however, the court may consider extrinsic evidence and make findings of fact to determine the court's jurisdiction. *Id.* at 1121–22.

Defendants' motion to dismiss presents a factual attack on the Court's subject matter jurisdiction because Plaintiff filed for citizenship but did so after the implementation of removal proceedings—a fact not included in the Complaint that Defendants contend would divest the court of jurisdiction. Therefore, the Court considers the extrinsic evidence in

1  Defendants' Motion to Dismiss to determine the Court's jurisdiction.

       *a.   8 U.S.C. § 1503*

Under 8 U.S.C. § 1503(a), an individual who claims he is "a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof" can institute an action in court against the agency "except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding . . . , or (2) is in issue in any such removal proceeding." Here, Plaintiff's removal proceedings were reinstated on February 7, 2013. During those proceedings, Plaintiff claimed U.S. citizenship. Thus, this Court cannot exercise subject matter jurisdiction over his claim of citizenship under 8 U.S.C. § 1503 because the claim "arose by reason of, or in connection with" his removal proceeding.

       *b.   8 U.S.C. § 1252*

"[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) *is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States*." *Chau*, 247 F.3d at 1028 n.2 (emphasis added). A petitioner's claim must be brought in the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); *see also Iasu v. Smith*, 511 F.3d 881, 887 (9th Cir. 2007) ("Congress' clear intent [was] to have all challenges to removal orders heard in a single forum[—the appellate courts.]") (citation omitted). The district court has no jurisdiction "to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal . . . ." 8 U.S.C. § 1252(a)(2)(A)(i). Here, removal proceedings have been initiated, and Plaintiff's claim to citizenship is still at issue—specifically in regard to his reasonable fear allegations. Therefore, the Court may not exercise jurisdiction over his citizenship challenge, and any appeal must be filed in the Ninth Circuit.

       *c.   Genuine Issue of Material Fact*

Plaintiff argues that this Court may review his petition because there is a genuine issue of material fact as to his citizenship. (Doc. 12 at 2 (citing *Chau*, 247 F.3d at 1026).) Plaintiff's reliance on *Chau* is misguided. In *Chau*, the claimant petitioned for review of the Board of Immigration Appeals' (BIA) denial of citizenship to the Ninth Circuit. *Id.* at 1027. The appellate court found there was a genuine issue of fact whether the claimant was a citizen *and then* referred the matter to the district court. *Id.* at 1032. The appeal of the BIA's decision was not originally filed in the district court. Procedurally, the appellate court explained, "[i]f the petitioner claims to be a United States citizen and the record presents a genuine issue of material fact as to the petitioner's nationality, *the reviewing court must transfer the proceeding to a district court* for a de novo determination." *Id.* at 1029 (emphasis added); *see also Sanchez-Sanchez v. I.N.S.*, 957 F.2d 702, 703 (9th Cir. 1992) (referring appeal of BIA's citizenship determination to district court because petitioner presented a genuine issue as to his nationality). Therefore, the court of appeals must first determine whether a material fact exists before this Court can exercise jurisdiction over this matter.

### d. Administrative Procedure Act

The APA permits judicial review of final agency actions "made reviewable by statute" or "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. However, the district court cannot "grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702; *see Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.").

Here, Plaintiff's application for citizenship arose from his removal proceedings. So, by statute, Plaintiff must petition for review to the appellate court under 8 U.S.C. § 1252 of the INA. *See Chau*, 247 F.3d at 1028 n.2. Moreover, Plaintiff agrees USCIS adjudicated his N-600 Application. Thus, the INA "provides a 'legally adequate remedy,'" precluding review under the APA. *Bazurto-Romo v. Mayorkas*, CV-22-00272-TUC-JCH, 2023 WL 196136, at *6 (D. Ariz. Jan. 17, 2023).

      *e. Mandamus Act*

The district courts may compel an official of the United States "to perform a duty owed to the plaintiff" through a writ of mandamus. 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 137 F.3d 929, 931 (9th Cir. 1998) (citing *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986). Even when all three factors are met, however, "the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the [mandamus] remedy." *Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020). Moreover, a writ of mandamus cannot be issued when a plaintiff "simply disagree[s] with the manner in which USCIS has adjudicated his case." *Bazurto-Romo*, 2023 WL 196136, at *6 (quotation marks omitted); *see Karim v. U.S. Dep't of Homeland Sec.*, Case No. 07-766, 2008 WL 11342838, *2 (C.D. Cal. June 12, 2008) ("[T]he Court does not have subject matter jurisdiction over [a plaintiff's] request for mandamus relief to the extent it requests the Court order a particular outcome with respect to the application.").

Plaintiff claims the Court can issue a writ of mandamus because USCIS failed to perform its duty to review his Motion to Reopen. (Doc. 12 at 7–8.) However, Plaintiff is not entitled to a writ of mandamus and the Court cannot exercise jurisdiction under the Mandamus Act because: (1) Plaintiff has provided no evidence that USCIS had a ministerial or nondiscretionary duty; (2) USCIS adjudicated the Application and the Motion to Reopen, so whether USCIS fulfilled any given duty is not free from doubt; (3) Plaintiff has an alternative adequate remedy under § 1252; and (4) Plaintiff is requesting a certain outcome to the N-600 Application.

In conclusion, the Court does not have subject matter jurisdiction over Plaintiff's Complaint under either the APA or the Mandamus Act.

Accordingly, IT IS ORDERED Defendants' Motion to Dismiss is GRANTED (Doc.

11) and this case is DISMISSED. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 17th day of February, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge